# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES MITCHELL, | Civil Action No. 06 - 945 |
| Petitioner, | |
| | District Judge Donetta W. Ambrose |
| v. | Chief Magistrate Judge Lisa Pupo Lenihan |
| EDWARD KLEM, | ECF No. 27 |
| Respondent. | |

## REPORT AND RECOMMENDATION

**I.   RECOMMENDATION**

For the following reasons, it is respectfully recommended that Petitioner's Motion to Obtain Relief from Judgment or Order pursuant to Federal Rule of Civil Procedure 60(b) filed on December 27, 2012 (ECF No. 27) be denied.

**II.   REPORT**

**A. Procedural Background**

James Mitchell ("Petitioner") initiated this action in July 2006 by filing a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (ECF Nos. 1, 7.) Respondent thereafter answered the petition (ECF Nos. 12, 13), and on June 1, 2007, Magistrate Judge Caiazza filed a Report and Recommendation recommending that the habeas petition be dismissed and that a certificate of appealability be denied (ECF No. 15). The following is taken from Judge Caiazza's Report.

1

James Mitchell ("Mitchell" or "the Petitioner"), a state prisoner, has filed a federal habeas corpus petition challenging his May, 1998 conviction for Criminal Homicide in the Court of Common Pleas of Allegheny County, Pennsylvania. Mitchell was convicted of the April 13, 1996 drive-by shooting of Tyrell Hinton, and sentenced to life imprisonment plus three and one-half to seven years for a weapons offense. Evidence was admitted at trial suggesting the killing was motivated by a gang rivalry. Mitchell's trial counsel attempted to discredit the investigating City of Pittsburgh police officers, and eyewitnesses to the Hinton killing who were members of a rival gang, by introducing evidence concerning a separate incident which occurred on June 26, 1996. In that incident, another Pittsburgh Police Officer, Officer John Wilbur ("Wilbur"), was seriously injured when he was dragged by a car driven by Mitchell. Significantly, there was no identification of Mitchell as the shooter in the Hinton killing of April 13, 1996 – until after the Wilbur incident of June 26, 1996, and the attendant publicity.

(ECF No. 15 at 1-2.)

Petitioner raised the following five claims in his federal habeas petition:

1. Trial counsel rendered ineffective assistance by her decision to inundate Petitioner's murder trial with testimony and references to the Wilbur case.

2. Trial counsel rendered ineffective assistance by her failure to request a cautionary/limiting instruction for the testimony and references to the Wilbur case.

3. Trial counsel rendered ineffective assistance by her decision to introduce irrelevant prejudicial evidence of her own personal animus with investigating Pittsburgh Police.

4. The introduction of pretrial gang evidence denied Petitioner a fair trial and due process of law.

5. Trial and appellate counsel rendered ineffective assistance by failure to assert constitutional error on appeal regarding the trial court's ruling that barred defense introduction of a United States Department of Justice investigation prospective testimony.

Judge Caiazza addressed each claim on its merits and concluded that Petitioner failed to demonstrate that he was entitled to habeas relief. (ECF No. 15 at 7-14.) Over Petitioner's objections, the Report and Recommendation was adopted as the opinion of the Court and his habeas petition was dismissed on June 29, 2007. (ECF No. 17.) Petitioner appealed and the

Third Circuit Court of Appeals denied Petitioner's request for a certificate of appealability on November 16, 2007. (ECF No. 24.) Over five years later, Petitioner has retained counsel who has filed, on his behalf, a Motion for Relief from Judgment or Order pursuant to Federal Rule of Civil Procedure 60(b). (ECF No. 27.)

   **B. Discussion**

Federal Rule of Civil Procedure 60(b) entitles the moving party to relief from judgment on several grounds, including the catch-all category "any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b)(6). A motion under subsection (b)(6) must be brought "within a reasonable time," Fed. R. Civ. P. 60(c)(1), and requires a showing of "extraordinary circumstances," which the Supreme Court has recognized "will rarely occur in the habeas context." Gonzalez v. Crosby, 545 U.S. 524, 535 (2005).

In the Rule 60(b) Motion, Petitioner claims that the PCRA court improperly failed to address two claims he presented in his *pro se* PCRA petition even though they were incorporated by reference into his amended PCRA petition filed by appointed counsel Patrick K. Nightingale. According to Petitioner, his *pro se* PCRA petition claimed as grounds four and five: (4) "The trial court abused its discretion, and deprived Petitioner of his right to present a material defense, in violation of the Sixth Amendment, when the court barred examination of the Assistant District Attorney Konieczka regarding the LAW gang prosecution;" and (5) "Appellate counsel rendered ineffective assistance of counsel by his failure to recognize and litigate the above issues on appeal." (ECF No. 27 at 8.) Petitioner claims that PCRA appellate counsel, also attorney Nightingale, failed to preserve these issues by briefing them on appeal, which resulted in a

3

procedural default of the issues in his federal habeas corpus proceedings.[1]  (ECF No. 27 at 14.) Consequently, he asserts that these issues are not barred from federal habeas review pursuant to the United States Supreme Court's recent holding in <u>Martinez v. Ryan</u>, 132 S. Ct. 1309 (2012), and other related case law.

Although presented in the context of a Rule 60(b) motion, in actuality, Petitioner seeks to have this Court reopen these federal habeas corpus proceedings in order to consider two new claims that were not presented in his federal habeas corpus petition.  For habeas petitioners, Rule 60(b) may not be used to avoid the prohibition set forth in 28 U.S.C. § 2244(b) against filing second or successive petitions.  In <u>Gonzalez</u>, the Court explained that a Rule 60(b) motion constitutes a second or successive habeas petition when it advances a new ground for relief or "attacks the federal court's previous resolution of a claim on the merits."  <u>Gonzalez</u>, 545 U.S. at 532.  The Court further explained that a Rule 60(b) motion does not constitute a second or successive petition when the petitioner "merely asserts that a previous ruling which precluded a merits determination was in error – for example, a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar."  <u>Id</u>.  Here, it is clear that Petitioner's motion constitutes an impermissible attempt to circumvent the certification requirements set forth in 28 U.S.C. § 2244(b) for filing a second or successive habeas petition.  The certification requirement in § 2244 expressly states that permission to file such a motion can only be granted by a court of appeals.  Because he has not obtained such an order, this Court may not consider the merits of these two claims.  Consequently, the Rule 60(b) Motion should be denied.

### III.  <u>CONCLUSION</u>

---

[1] These two claims were not presented in Petitioner's federal habeas corpus petition.

For the foregoing reasons, it is respectfully recommended that Petitioner's Motion to Obtain Relief from Judgment or Order pursuant to Federal Rule of Civil Procedure 60(b) filed on December 27, 2012 (ECF No. 27) be denied.

In accordance with the Magistrate Judge's Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Local Rule of Court 72.D.2, the parties are allowed fourteen (14) days from the date of service to file objections to this Report and Recommendation. Any party opposing the objections shall have fourteen (14) days from the date of service of objections to respond thereto. Failure to file timely objections will constitute a waiver of any appellate rights.

Dated: February 20, 2013

_____
Lisa Pupo Lenihan
Chief United States Magistrate Judge


cc: Counsel of Record
 *Via ECF Electronic Mail*